UNITED STATES of America, Appellee,

v.

Anthony DiLAPI, Robert Rao, Sidney Lieberman, Benjamin Ladmer, Stephen Kingston, David Bergner, and Interstate Dress Carriers, Inc., Appellants.

Nos. 866 and 925 to 929, Dockets 80-1013 to 80-1018.

United States Court of Appeals, Second Circuit.

Argued Feb. 14, 1980.

Decided Feb. 19, 1980.

Martin London, New York City (Paul, Weiss, Rifkind, Wharton & Garrison, Ronald W. Meister, David Dunn, New York City, of counsel), for appellants.

James D. Harmon, Jr., Asst. Atty.-in-Charge, U. S. Dept. of Justice Organized Crime Strike Force, Eastern District of New York (Edward R. Korman, U. S. Atty., Thomas P. Puccio, Atty.-in-Charge, Brooklyn, N. Y., of counsel), for appellee.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and TENNEY, District Judge.*

PER CURIAM:

■ This appeal is from the Eastern District of New York, Henry Bramwell, Judge. The two counts of the indictment charged appellants with obstructing an administrative proceeding of the National Labor Relations Board, under 18 U.S.C. § 1505, and with conspiring to commit that substantive offense, under *id.* § 371. The charges arose in connection with a representation case initiated by the filing of a petition allegedly on behalf of employees of defendant Interstate Dress Carriers, Inc. Appellants sought to obtain from the Government membership authorization cards executed by employees, first by discovery, and then by subpoenas addressed to the NLRB. On January 3, 1979, the date the trial was to commence, the Government moved to quash the subpoenas. A jury was selected on January 4 and 5, but it was not sworn and did not hear any opening statements or the testimony of any witness. On January 8, the district court ordered the Government to produce the authorization cards, and this court dismissed the Government's appeal and its petition for a writ of mandamus. When the NLRB general counsel declined to comply with a discovery or-

* United States District Judge for the Southern District of New York, sitting by designation.

der and was held in contempt of court, the jury was discharged over appellants' objection. Subsequently the documents were provided to the defendants, in compliance with this court's decision in *In re Irving,* 600 F.2d 1027 (2d Cir. 1979). The present appeal is from an order of the district court denying defendants' motion to dismiss on double jeopardy grounds. We affirm because the law is settled that jeopardy does not attach until the jury is empaneled and sworn, so that appellants have not yet been placed in jeopardy and retrial is not barred by the double jeopardy clause.

The language of the Supreme Court cases is clear that "in the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn." *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975); *see United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). The key, as stated in *Serfass,* is that jeopardy does not attach until a defendant is " 'put to trial before the trier of the facts, whether the trier be a jury or a judge.' " *Id.* 420 U.S. at 388, 95 S.Ct. at 1062 (quoting *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971)). While no Supreme Court case has directly ruled on the factual setting here, and Mr. Justice Blackmun is of the view that *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), points in favor of appellants' position, *id.* at 38, 98 S.Ct. at 2162 (Blackmun, J., concurring) (citing Schulhofer, *Jeopardy and Mistrials,* 125 U.Pa.L.Rev. 449, 512–14 (1977)), the majority opinion in *Crist* purports only to hold that "jeopardy attaches when the jury is empaneled and sworn." 437 U.S. at 38, 98 S.Ct. at 2162. Given this state of the Supreme Court law, our own *United States v. Wedalowski,* 572 F.2d 69, 74 (2d Cir. 1978), holding that jeopardy attaches "when the jury is sworn, not when it is selected," is controlling. *See also United States v. Gates,* 557 F.2d 1086 (5th Cir. 1977), *cert. denied,* 434 U.S. 1017, 98 S.Ct. 737, 54 L.Ed.2d 763 (1978); *United States v. Whitman,* 480 F.2d 1028, 1029–30 (6th Cir.), *cert. denied,* 414 U.S. 1026, 94 S.Ct. 453, 38 L.Ed.2d 318 (1973); *Alexander v. Fogliani,* 375 F.2d 733, 734 (9th Cir. 1967).

To be sure, there are cases characterizing the jury oath as a "formality." *United States v. Lawrence,* 605 F.2d 1321, 1325 (4th Cir. 1979), and permitting the jury to be sworn after the prosecution has completed its case, *United States v. Hopkins,* 458 F.2d 1353 (5th Cir. 1972), or after opening statements, *Cooper v. Campbell,* 597 F.2d 628, 629 (8th Cir.), *cert. denied,* —— U.S. ——, 100 S.Ct. 106, 62 L.Ed.2d 69 (1979). Obviously some of the policies behind the double jeopardy clause might well be implicated in a case where the trial has begun but the swearing has not yet occurred. We need not reach that question here, however, since no witness was called and, indeed, no opening statement was made. Nor need we reach the question whether, assuming arguendo that jeopardy attached, further prosecution should be barred.

Judgment affirmed; mandate to issue forthwith.