UNITED STATES of America, Plaintiff,

v.

Kevin WHITE, Defendant.

Crim. No. N–90–40 (WWE).

United States District Court,
D. Connecticut.

April 17, 1991.

See also 753 F.Supp. 432.

Michael Runowicz, New Haven, Conn., for plaintiff.

Timothy Pothin, New Haven, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS SECOND OFFENDER INFORMATION

EGINTON, District Judge.

Defendant has filed a motion to dismiss a Second Offender Information, claiming that the United States Attorney failed to timely file the Information as required by 21 U.S.C. Section 851. For the reasons set forth below, the defendant's motion will be denied.

### FACTS

On September 5, 1990 defendant was charged in a three count superseding indictment. Count One charged defendant with conspiracy to possess with intent to distribute and the distribution of more than fifty grams of cocaine base in violation of 21 U.S.C. Sections 841(a)(1) and 846. Count Two charged defendant with possession and distribution of more than fifty grams of cocaine base within 1,000 feet of a school in violation of 21 U.S.C. Sections 845a(a) and 841(a)(1). Count Three charged defendant with employing a person under the age of eighteen to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. Section 845b(a)(1). On December 3, 1991 a jury was empaneled, but not sworn. The United States Attorney filed with the court a Second Offender Information on December 5, and defense counsel was served on December 11. The jury was sworn, and the trial began on December 13. On December 18, 1991 the defendant was found guilty on all three counts charged in the superseding indictment.

### DISCUSSION

The procedure for establishing a defendant's prior conviction, for the purpose of seeking a sentence enhancement, is set forth in Title 21 U.S.C. Section 851.

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before the entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information

on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1).

It is clear from the statute that an Information must be filed with the court and served on the defendant or defendant's counsel *prior* to the start of trial, however, it is not precisely clear *when* a trial commences. The defendant argues that the trial commenced when the jury was empaneled on December 3, while the government asserts that a trial can not begin until the jury has been sworn.

Although there are no cases within the Second Circuit directly on point, it is helpful to examine issues dealing with the commencement of a jury trial within the context of the attachment of double jeopardy. A trial begins and jeopardy attaches when the jury is sworn, not when the jury is selected. *United States v. Wedalowski*, 572 F.2d 69 (2d Cir.1978). In *United States v. DiLapi*, 616 F.2d 613, 614 (2d Cir.1980) the court, quoting *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062–63, 43 L.Ed.2d 265 (1975), stated that while double jeopardy does not attach until the jury is empaneled and sworn, "the key … is that jeopardy does not attach until a defendant is 'put to trial before the trier of the facts, whether the trier be a jury or a judge.'"

In the instant action the Information was filed with the court December 5 and served on defendant's counsel December 11, after the jury was empaneled, but before they had been sworn and prior to the submission of evidence to the jury. Therefore, the filing and service of the Second Offender Information took place prior to the time of trial, and was in compliance with the requirements of 21 U.S.C. Section 851.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss Second Offender Information is DENIED.

SO ORDERED.