101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Kingsley MACEBUH, also known as Christopher Urz, also known
as Christopher Urzs, also known as Urzs Kingsley, also known
as Arthur King, also known as S. Ruz, also known as Nelson
Bello, also known as Kenneth Brisdale, also known as M.
Harold, also known as Christopher Mathews, Defendant-Appellant.
 No. 95-1610.
 United States Court of Appeals, Second Circuit.
 May 24, 1996.
 
 Appearing for Appellant: David E. Liebman, N.Y., N.Y.
 Appearing for Appellee: Morris J. Panner, Ass't U.S. Att'y, SDNY, N.Y., N.Y.
 Before KEARSE, WINTER and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Kingsley Macebuh appeals from a judgment entered in the United States District Court for the Southern District of New York following a jury trial before Harold Baer, Jr., Judge, convicting him on five counts of interstate transport of goods, in violation of 18 U.S.C. §§ 2314 and 2, and one count of wire fraud, in violation of 18 U.S.C. § 1343. On appeal, Macebuh principally challenges the district court's admission of certain other-act evidence. He also complains that he is entitled to a reversal because the district court, before allowing him to change attorneys, did not ask him to state the reasons he was dissatisfied with his then-attorney. Finding no basis for reversal, we affirm.
 
 
 4
 Evidence of other acts, though inadmissible to prove the actor's propensity to commit similar acts, may be admissible for other purposes, such as to show "intent, ... knowledge, identity, or absence of ... accident." See Fed.R.Evid. 404(b); Huddleston v. United States, 485 U.S. 681, 687-88 (1988); United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir.1992). Such evidence may be admitted, for example, to show a modus operandi where the acts are "so nearly identical in method as to ear-mark them as the handiwork of the accused." 2 J. Weinstein & M. Berger, Weinstein's Evidence § 404, at 404-127 (1985). The trial court's decision to admit evidence pursuant to Rule 404(b) is reviewable only for abuse of discretion. See, e.g., United States v. Gordon, 987 F.2d 902, 908 (2d Cir.1993); United States v. Pitre, 960 F.2d at 1119. Similarly, a ruling that the probative value of proffered evidence is not substantially outweighed by its potential for unfair prejudice, see Fed.R.Evid. 403, will not be overturned except for abuse of discretion. See, e.g., United States v. Peterson, 808 F.2d 969, 974 (2d Cir.1987); United States v. Smith, 727 F.2d 214, 220 (2d Cir.1984).
 
 
 5
 The government showed that on the five occasions alleged in the indictment, computer or electronic equipment was ordered from a vendor, to be shipped to locations that were controlled by Macebuh, and that after shipping the products, the vendor received no payment but only checks that bounced. Macebuh argued, inter alia, that he had no connection with the fraudulent orders for these products and that their delivery to locations that he controlled was merely coincidence. The other-act evidence was that IBM Corporation had received two orders and had sent equipment to the specified address, which was controlled by Macebuh; the buyer's check bounced, and IBM was never paid; both orders specified that the equipment was to be sent to the attention of "Kingsley Macebuh." The IBM evidence was admissible under Rule 404(b) on the ground that it tended to show the absence of accident or coincidence in the deliveries of the other five unpaid-for orders to Macebuh's addresses, and to show the identity of the person who had similarly ordered goods for which the payment checks bounced.
 
 
 6
 It appears that the district court admitted the IBM evidence not for the purposes of showing identity or absence of accident, but only for the purposes of proving knowledge and intent, issues that Macebuh contends were not in dispute, given his denial of any connection with the events. Even if the evidence was not admissible to show knowledge or intent, its introduction provides no basis for reversal, for we may uphold the admission of evidence on any theory that finds support in the record, even if that was not the basis on which the trial court relied. See, e.g., United States v. White, 980 F.2d 836, 842 (2d Cir.1992); United States v. Pedroza, 750 F.2d 187, 202 (2d Cir.1984), cert. denied, 479 U.S. 842 (1986); United States v. Lieberman, 637 F.2d 95, 103 & n. 11 (2d Cir.1980). Since the evidence was properly admissible to show identity or absence of accident, its admission was not error.
 
 
 7
 In giving a limiting instruction as to the purposes for which the IBM evidence could be considered, the court informed the jury that it could consider the evidence only in connection with determining knowledge or intent. The jury should have been allowed to consider the evidence in determining identity and the absence of accident. The undue limitation, however, favored Macebuh rather than the government. We conclude that any error in the court's instructions was harmless.
 
 
 8
 Macebuh's contention that the court erred by granting his request to change attorneys without inquiring into his reasons is meritless and does not require discussion.
 
 
 9
 We have considered all of Macebuh's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.