Kevin McCLAIN and Stephanie McClain, Plaintiffs–Appellants,

v.

CORNELL UNIVERSITY, Defendant–Appellee.

No. 00–7566.

United States Court of Appeals, Second Circuit.

Jan. 16, 2001.

Peter N. Littman, Ithaca, NY, for plaintiffs-appellants.

Valerie L. Cross, Ithaca, NY; Nelson E. Roth, on the brief, for defendant-appellee.

Present FEINBERG, SOTOMAYOR, Circuit Judges, and HAIGHT, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York (Howard G. Munson, *Judge*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Appeal from an order of the United States District Court for the Northern District of New York (Munson, J.) granting defendant's motion for summary judgement and dismissing plaintiffs' complaint.

Plaintiffs-appellants Kevin McClain and Stephanie McClain (collectively "McClain") sued defendant-appellee Cornell University ("Cornell") alleging discriminatory employment practices in violation of, *inter alia,* 42 U.S.C.2000(e), *et seq.* and 42 U.S.C. §§ 1981, 1981(a).

In a memorandum decision and order entered on March 31, 2000, the district court granted Cornell's motion for summary judgment, rejecting McClain's claim that Cornell's entire course of conduct constituted a "continuing violation" of the underlying law, finding that the evidence did not support a claim of a hostile work environment, and concluding that "[s]ince the arbitration decision disposes of plaintiffs' [sic] third claim of retaliatory discriminato-

ry discharge, he may not now attempt to present further issues regarding this claim." We review a district court's grant of summary judgment *de novo. See Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 764 (2d Cir.1998).

The district court erred to the extent that it believed that the adjudication through binding arbitration of contractual rights established under a collective bargaining agreement would limit the availability of the federal courts to adjudicate statutory rights violated by the same conduct. *See Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) ("There is no suggestion in the [Title VII] statutory scheme that a prior arbitral decision either forecloses an individual's right to sue or divests federal courts of jurisdiction.").

We, nevertheless, affirm the district court's grant of summary judgment in favor of Cornell. *See United States v. White,* 980 F.2d 836, 842 (2d Cir.1992) ("[W]e may affirm on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely."). In this case, McClain has not provided sufficient competent evidence to establish that Cornell's employment decisions were a pretext for impermissible discrimination or retaliation so as to overcome the substantial proof offered by Cornell that its actions were based on legitimate non-discriminatory considerations. *See Texas Dep't of Comty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (providing that, after a defendant has identified a legitimate, non-discriminatory reason for an employment ac-

---

tion, a Title VII plaintiff can prove that he was the victim of intentional discrimination "by showing that the employer's proffered explanation is unworthy of credence.").

We have considered all of McClain's other arguments and find them without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.