**UNITED STATES of America, Plaintiff,**

v.

**Nolgie RODRIGUEZ–SAMO, Jaime Pinillos, Rodrigo Camposano, Defendants.**

**No. CRIM.01–0520CCC.**

United States District Court, D. Puerto Rico.

March 18, 2003.

Irene C. Feldman, Assistant U.S. Attorney, Nathan Schulte, Assistant U.S. Attorney, for Plaintiff or Petitioner.

Michael A. Pizzi, Jr., Esq., for Defendant or Respondent.

### ORDER

CEREZO, District Judge.

Defendant **Nolgie Rodríguez–Zamo** has filed a motion (**docket entry 218**) seeking to strike the Information filed by the United States on March 7, 2003 (**docket entry 151**) which would require a penalty enhancement to a sentence of life imprison-

ment under the provisions of 21 U.S.C. § 841(a)(1). Defendant claims that the Information was untimely filed, as allegedly it was not filed in advance of trial, as required by 21 U.S.C. § 851(a)(1). Defendant also contends that as the prior convictions were not submitted to the jury and proven beyond a reasonable doubt, any sentence enhancement based on them would be unconstitutional pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

As to the first argument, we note that § 851(a)(1) requires that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the Court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." The phrase "before trial" has been interpreted to mean "before the commencement of jury selection." *U.S. v. White,* 980 F.2d 836, 842 (2nd Cir.1992). *See also Prou v. U.S.,* 199 F.3d 37, 48 (1st Cir.1999) ("trial," as that term is used in section 851(a)(1), includes jury selection). The file of this case reveals that the Information was filed on October 17, 2002 at 10:45 A.M. Although the notes of the Courtroom Deputy Clerk reflect that the Court proceedings related to this case began on that date at 10:25 A.M., the beginning of the jury selection itself was delayed as the Court was awaiting for the arrival of the attorney for co-defendant Rodrigo Camposano, Lydia Lizarribar, Esq., who was involved in two sentencing hearings before

Judge Salvador Casellas. While the Court awaited for her arrival, it conducted a bench conference with the other two attorneys which the transcript reflects continued even after she arrived to the courtroom. Her arrival to court was clocked by the Courtroom Deputy Clerk at 10:45 A.M., and it was not until the bench conference, now with the participation of Ms. Lizarribar, was concluded, that the Court proceeded with the selection of the jury. Thus, given that she arrived at 10:45 A.M., at exactly the same time when the Information was registered as filed, and that the jury selection did not start until after the bench conference concluded several minutes after, the sequence of events confirms that the Information was timely filed before trial.

Defendant further claims, however, that he did not receive notice of the filing of the Information until he was brought to court on the morning of October 17, 2002. As, by that time, the potential jurors (to which he refers as "the jury") had already been brought into the courtroom, defendant suggests that this "signal[ed] the commencement of trial and the commencement of jury selection." Motion, docket entry 218, at p. 3. The Court, however, did not begin voir dire of the potential jurors, which formally starts the jury selection process, until all defendants were present in the courtroom. Thus, as by its own admission defendant received notice of the filing of the Information before the beginning of voir dire, notice was effectively given before the commencement of jury selection.[1] Accordingly, we FIND that the Information filed by the United States complied with the requirements of § 851(a)(1).

---

1. Pursuant to § 851, timely notice could also be obtained by serving copy of the Information on counsel for defendant before trial. Defendant has failed to make reference to when his former counsel, José C. Romo-Ma-

tienzo, Esq., obtained notice of the filing of the Information. Given our conclusion that defendant himself was timely notified, we need not conduct further inquiry into this matter.

Defendant's additional contention that his prior convictions should have been submitted to the jury and proven beyond a reasonable doubt in order for the enhanced penalties prescribed by 21 U.S.C. § 841(b) to be applicable is plainly frivolous. The Court of Appeals has observed "with a 'regularity bordering on the monotonous,' that *Apprendi* does not apply to sentencing enhancements based on prior convictions." *U.S. v. Henderson*, 320 F.3d 92, 110 (1st Cir.2003).

For the reasons stated, the Court DENIES defendant's request that the Information filed by the United States on October 17, 2003 be stricken.

SO ORDERED.