United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 03-31150
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**KEVIN COUNTY, also known as KC, also known as Cat,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-201-1-S**

---

Before JONES, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:

Kevin County appeals from the district court's sentence following his guilty-plea conviction for numerous controlled-substance offenses. County argues that the district court lacked the authority to enhance his sentence based upon a prior conviction because the Government failed to comply with the procedural requirements of 21 U.S.C. § 851(a)(1). County contends that the Government's "last-minute" delivery to defense counsel of a copy of the notice of enhancement shortly before County's rearraignment was insufficient under 21 U.S.C. § 851(a). County relies on United

<u>States v. McCoy</u>, 1996 WL 351309 (S.D.N.Y. 1996), in support of his argument.

The enhancement for County's prior conviction for conspiracy to distribute cocaine hydrochloride increased his mandatory minimum sentence on several counts from 10 years' to 20 years' imprisonment. 21 U.S.C. §§ 841(a)(1), (b)(1); 851(a)(1). Because County filed a timely objection, the issue of the Government's compliance with § 851(a)(1) is reviewed <u>de</u> <u>novo</u>. <u>See</u> <u>United States v. Steen</u>, 55 F.3d 1022, 1025 (5th Cir. 1995).

Section 21 U.S.C. § 851(a)(1) provides, in pertinent part, that

> [n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by one or more prior convictions unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions relied upon.

Service can be accomplished via hand delivery of the notice of enhancement prior to the entry of the guilty plea. <u>See</u> FED. R. CRIM. P. 49(b) (providing that service of any criminal papers be accomplished according to the civil rules of procedure); FED. R. CIV. P. 5(b)(2)(A)(I) (permitting service to be accomplished via hand delivery). This court has recognized that the Government's failure to properly file and serve a notice of enhancement in accordance with the requirements of § 851(a)(1) restricts the district court's authority to sentence the defendant using the

2

enhancement.  See United States v. Dodson, 288 F.3d 153, 159-60 and n.9 (5th Cir. 2002); United States v. Cevallos, 538 F.2d 1122, 1125 n.4 (5th Cir. 1976).

In the instant case, County concedes that the Government hand-delivered a copy of the notice of enhancement to his counsel shortly before the entry of his guilty plea.  The district court did not err in concluding that service had been accomplished "prior to" the entry of the guilty plea in accordance with 21 U.S.C. § 851(a)(1).  See United States v. Gonzalez-Lerma, 14 F.3d 1479, 1484 (10th Cir. 1994); United States v. White, 980 F.2d 836, 842 (2nd Cir. 1992); United States v. Johnson, 944 F.2d 396, 406-07 (8th Cir. 1991); United States v. Weaver, 905 F.2d 1466, 1481 (11th Cir. 1990).

County's reliance on McCoy is misplaced because in McCoy neither the defendant nor his counsel had received a copy of the notice of enhancement prior to trial.  McCoy, 1996 WL 351309 at *1. In addition, in the instant case, the district court did not endorse the method in which the Government served County and recognized that it had misadvised County with respect to his mandatory minimum sentence.  As a result, the district court gave County an opportunity to withdraw his guilty plea.  County elected to waive the court's misadvisement and enter his guilty plea. Although these additional precautions are not essential to our decision, we conclude that the district court did not err in

holding sufficient the Government's service on County prior to the entry of his plea under § 851(a)(1).

County also argues that the notice of enhancement under 21 U.S.C. § 851(a)(1) was insufficient because it did not provide information about the sentence enhancement. The bill of information related to the prior conviction identified the date and cause number of the former conviction, the length of sentence, and that the bill was filed pursuant to 21 U.S.C. §§ 851(a) and 841. County's argument is therefore unavailing. See Steen, 55 F.3d at 1028. Accordingly, the sentence of the district court is **AFFIRMED**.