**Andrew BEAGAN, Plaintiff,**

v.

**UNITED STATES of America, Defendants.**

**No. 98–361L.**

United States District Court, D. Rhode Island.

Oct. 18, 2002.

Mary E. Rogers, Esq., Providence, RI, for Defendants.

### Decision and Order

LAGUEUX, District Judge.

Eight years, three judges, and two prosecutors[1] later, Petitioner Andrew Beagan ("Beagan") has almost reached the end of his long journey through our federal judicial system. On April 8, 2002, pursuant to Federal Rule of Civil Procedure 60(b)(1), Beagan filed a Motion to Vacate Judgment. In his Motion, Beagan argues that this Court should vacate the judgment it entered for the defendant on December 17, 2001, and permit him to amend his original Motion to Vacate His Sentence under 28 U.S.C. § 2255 in order to add a new claim. For the reasons that follow, this Court concludes that it would be futile to vacate the judgment it entered for the defendant and permit Beagan to amend his petition because the new claim Beagan seeks to add is not viable. Thus, Beagan's Motion to Vacate Judgment is denied.

## I. BACKGROUND

Beagan's journey through our legal system began on December 14, 1994, when a federal grand jury convened in this District returned a two count indictment against him, which alleged that he had conspired and attempted to distribute and possess with the intent to distribute five kilograms or more of cocaine.[2]

On April 18, 1995, at 10:16 a.m., the government, pursuant to 21 U.S.C.

William Murphy, Esq., Providence, RI, for Plaintiff.

---

1. Assistant United States Attorney Lawrence D. Gaynor was originally responsible for the prosecution of this case. Mr. Gaynor died in September 1995, however, and this case was reassigned to Assistant U.S. Attorney Stephanie S. Browne.

2. The federal grand jury also indicted David J. Scialo ("Scialo"), Charles R. Rogers, Jr. ("Rogers"), and Ruben I. DeLeon ("DeLeon") on the same two counts.

§ 851(a)(1) (2000), filed a Notice of Sentence Enhancement ("Notice") in Beagan's criminal case with the Clerk's Office in this District. The Notice contained a Certificate of Service, which stated that a copy of the Notice had been mailed, postage prepaid, to Beagan's defense counsel, Kevin McKenna. At approximately 11:30 a.m., more than an hour after the government filed the Notice with the Clerk's Office, jury impanelment commenced in Beagan's criminal trial and was completed that afternoon at 12:45 p.m.

Approximately a week after the government filed the Notice of Sentence Enhancement, on April 26, 1995, Beagan's criminal trial began and was presided over by Senior Judge Francis Boyle. The trial lasted approximately two weeks, and on May 12, 1995, the jury returned a guilty verdict against Beagan on both counts.[3]

Prior to sentencing, Beagan sought to have his state drug conviction vacated in order to qualify for the safety-valve. At Beagan's request, Judge Boyle continued his sentencing date. On July 16, 1996, however, after Beagan was unsuccessful in vacating his state drug conviction, Judge Boyle sentenced him to 240 months of imprisonment, followed by 10 years of supervised release, to be served concurrently on both counts. The 240 months was the mandatory minimum with the enhancement. It would have been 120 months without the enhancement. Shortly thereafter, Beagan appealed his conviction to the First Circuit; but, on August 26, 1997, the First Circuit denied his appeal.[4]

On July 10, 1998, Beagan, pursuant to 28 U.S.C. § 2255 (2000), filed his first habeas corpus petition. In his petition, he raised three issues: (1) the failure of a juror to disclose information during *voir dire;* (2) perjury by a police witness; and (3) ineffective assistance of counsel because his defense counsel permitted the government to introduce into evidence his prior state court conviction for drug trafficking. The government filed its response to Beagan's § 2255 petition on August 18, 1998.

On March 19, 1999, Beagan filed a proposed amendment to his original petition claiming that the trial court erred in the manner in which it had investigated an allegation of juror misconduct. The government filed a response to Beagan's proposed amended petition on March 30, 1999, and subsequently filed a supplemental response on December 2, 1999.

Beagan's petition and March 1999 proposed amendment were referred to Magistrate Judge Lovegreen,[5] who, after a hearing, issued a Report and Recommendation on May 15, 2001, opining that Beagan's § 2255 petition and proposed amendment should be dismissed.

On July 16, 2001, Beagan's attorney filed on Beagan's behalf a motion to transfer the matter back to Magistrate Judge Lovegreen for a hearing on a newly raised issue: whether the government timely filed and served a Notice of Sentence Enhancement as required by 21 U.S.C. § 851(a)(1). This issue had not been previously raised at sentencing or on direct

---

3. Beagan, DeLeon, Rogers, and Scialo were tried as co-conspirators. At the end of the criminal trial, the jury also returned guilty verdicts on both counts against DeLeon and Rogers. The jury, however, acquitted Scialo on both counts.

4. *See United States v. Rogers,* 121 F.3d 12 (1st Cir.1997).

5. Judge Boyle retired prior to Beagan filing his § 2255 petition and this matter was reassigned to this writer. This writer referred Beagan's petition and 1999 proposed amendment to Magistrate Judge Lovegreen for a recommendation as to disposition.

appeal and was not raised in either Beagan's § 2255 petition or the 1999 proposed amendment.

On October 5, 2001, this Court heard oral argument on the motion and denied it because Beagan had never moved to amend the original petition to add this new issue. The Court, however, granted Beagan leave to file a motion to amend the petition before October 19, 2001. On December 17, 2001, after granting Beagan a number of continuances, the Court adopted the Report and Recommendation and ordered the entry of judgment for the United States because Beagan failed to timely file a motion to amend the petition.

On April 8, 2002, pursuant to Fed. R.Civ.P. 60(b)(1), Beagan filed this Motion to Vacate the Judgment entered on December 17, 2001.[6] In his Motion to Vacate Judgment, Beagan argues that this Court should vacate the judgment it entered for the government in this case and permit him to amend his § 2255 petition to add the new claim. His new claim alleges that the government did not provide Beagan or his defense counsel timely Notice of the Sentence Enhancement as required by 21 U.S.C. § 851(a)(1). Specifically, he argues that neither he nor his defense counsel actually received the notice before his criminal trial began, and therefore, this Court did not have jurisdiction to enhance his sentence based on his prior conviction. Beagan notes in his supporting memorandum of law, however, that "[he] did not raise this argument in his July 1998 *pro se* motion pursuant to 28 U.S.C. § 2255 nor did either of his prior attorneys raise this

all important issue at any stage of the proceedings." Mot. to Vacate J. at 4. He further states that "Mr. Beagan, through his present court-appointed attorney, is raising this issue for the first time." *Id.*

The government filed its response to Beagan's Motion to Vacate Judgment on April 12, 2002; and, on May 10, 2002, this Court heard oral argument on the motion and took the matter under advisement. Beagan's Motion to Vacate Judgment is now in order for decision.

## II. DISCUSSION

■ As aforementioned, Beagan has brought the present motion pursuant to Federal Rule of Civil Procedure 60(b)(1). Federal Rule of Civil Procedure 60(b)(1) states in pertinent part, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect. . . . The motion shall be made within a reasonable time, and for reason[ ](1), . . . not more than one year after the judgment . . . was entered or taken." *Id.* The plain language of Rule 60(b)(1) demonstrates that motions made pursuant to this rule seek extraordinary relief. The First Circuit has explained that by its terms, Rule 60(b)(1) "attempts to balance the desirability of finality as applied to court judgments with the desirability of deciding disputes on the merits." *In re Mayhew*, 223 B.R. 849, 855 (D.R.I. 1998). Thus, it is within this Court's discretion to grant Beagan's motion only if it satisfies the following three requirements:

---

6. On February 28, 2002, Beagan, through his attorney, filed a Motion to Amend *Pro Se* Motion to Vacate Sentence Under 28 U.S.C. § 2255. On March 8, 2002, the government filed its response to Petitioner's Motion to Amend; and, on March 25, 2002, this Court heard oral argument on the matter. At oral argument, this writer explained that because

the Court had entered judgment for the government, Beagan, through his attorney, had to file a Motion to Vacate the Judgment, pursuant to Fed.R.Civ.P. 60(b)(1), in order for the Court to properly consider Beagan's underlying claim. Accordingly, this writer continued the matter until Beagan's attorney filed this motion.

(1) it is timely; (2) it involves exceptional circumstances that justify this extraordinary relief; and (3) it is not unfairly prejudicial to the opposing party. *See Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe,* 257 F.3d 58, 63–64 (1st Cir.2001); *see also In re Mayhew,* 223 B.R. at 854–55. Additionally, and perhaps most importantly in this case, in order to be eligible for Rule 60(b)(1) relief, Beagan must show that he has a meritorious underlying claim. *See Mayhew,* 223 B.R. at 855. In other words, Beagan must demonstrate to this Court that vacating the judgment entered for the government would not be an empty exercise. *See id.* After reviewing the underlying facts in this case, this Court concludes that Beagan cannot meet this burden.

## A. Beagan's Proposed Amendment to his § 2255 Petition

In his Motion to Vacate Judgment, Beagan attempts to persuade the Court to vacate the December 2001 judgment it entered for the government and permit Beagan to amend his § 2255 petition to add a newly raised claim. For the reasons that follow, this Court concludes that allowance of the proposed amendment would be futile.

In *Christopher v. United States,* 146 F.Supp.2d 146 (D.R.I.2001), this writer thoroughly explained that petitions made pursuant to § 2255 must comply with certain procedural and substantive requirements in order to receive judicial consider-

ation. First, motions made pursuant to 28 U.S.C. § 2255 must be filed within one-year of the date on which the judgment of conviction became final.[7] Second, amendments to § 2255 petitions must comply with the "relation back" requirement contained in Federal Rule of Civil Procedure 15(c)(2). *See Christopher,* 146 F.Supp.2d at 151 n. 3 (noting that proposed amendments must relate back to the date of the original § 2255 motion).

■ Federal Rule of Civil Procedure 15(c)(2) provides that, "an amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." *Id.* Thus, in order for a proposed amendment to satisfy the "relation back" requirement, the amendment must set forth a claim that arises out of the same conduct, transaction, or occurrence set forth in the original § 2255 petition. *Christopher,* 146 F.Supp.2d at 151.

■ In *Christopher,* this writer also explained that even untimely amendments can receive judicial consideration so long as the amendment "relates back" to the original petition and has "more in common with the timely filed claim than the mere fact they arose out of the same trial and sentencing proceedings." 146 F.Supp.2d at 151–52. Importantly, if a proposed amendment seeks to add a new claim or to insert a new theory into the case, it does

---

**7.** A 1–year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of-(1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable due diligence.... 28 U.S.C. § 2255.

not "relate back" to the original petition, and courts are instructed not to permit the petitioner to amend the original § 2255 petition. *See id.* Applying these principles to the facts in this case, it is clear that it would be futile for this Court to allow Beagan's proposed amendment.

First, the proposed amendment is time-barred. The one-year statute of limitations began to run on Beagan's § 2255 petition ninety days after the First Circuit denied his appeal thereby making the judgment of conviction final in his case.[8] The First Circuit recently adopted this 90 day rule in *Derman v. United States,* 298 F.3d 34, 41 (1st Cir.2002). The First Circuit noted in *Derman,* that a majority of the circuit courts have stated that a conviction becomes final when the defendant's time for filing a timely petition to the Supreme Court for certiorari review expires.[9] *Id.* Any § 2255 petitions filed on Beagan's behalf, therefore, must have been filed with the Court before July 26, 1998 in order to be considered timely. Beagan filed this proposed amendment, however, in February 2002, more than four years after the one-year time limitation imposed on his § 2255 petition had run. Thus, the proposed amendment is untimely.

Second, the amendment at issue does not satisfy the "relation back" requirement of Fed.R.Civ.P. 15(c)(2). As aforementioned, even though Beagan's amendment is untimely, it, nevertheless, could receive judicial consideration if it "relates back" to the "conduct, transaction, or occurrence" set forth in his original petition and does not purport to raise a new claim or theory. Fed.R.Civ.P. 15(c)(2). In his Motion to Vacate Judgment, Beagan admits that the issue he seeks to add, namely, the timeliness of the government's service of the Notice of Sentence Enhancement, is a newly raised claim. Mot. to Vacate J. at 4. Accordingly, Beagan's proposed amendment does not "relate back" to the original petition, and thus, is barred from receiving judicial consideration.

**B. Beagan's § 2255 Proposed Amendment Constitutes Procedural Default**

■ Even assuming, *arguendo,* that Beagan could overcome the procedural and substantive hurdles imposed on his proposed amendment, his claim is, nevertheless, barred. Beagan never raised the issue of whether the government provided him with timely notice of sentence enhancement as required by 21 U.S.C. § 851(a) either at sentencing or on direct appeal. The First Circuit, dealing with this exact procedural posture, has expressly held that "a defendant's failure to object at sentencing and/or on direct appeal to the untimeliness of the government's section 851(a)(1) information constitutes pro-

---

**8.** Beagan had ninety days from the date of entry of the affirmance of conviction to file a petition for a writ of certiorari to the Supreme Court of the United States. *See* Sup. Ct. R. 13(1).

**9.** The Third, Fifth, Ninth, Tenth, and Eleventh Circuits have also adopted the 90 day rule. The Fourth and Seventh Circuits have stated that the statute of limitations begins to run on the date the court of appeals issues its mandate. *See Derman,* 298 F.3d at 41. The Supreme Court originally granted certiorari on June 28, 2002 to resolve the conflict among the circuits. The Supreme Court then granted the Solicitor General's motion to amend the order granting the petition for a writ of certiorari on August 26, 2002. The Supreme Court will decide whether a petitioner's judgment of conviction becomes final within the meaning of 28 U.S.C. § 2255 when the court of appeals issues its mandate or when the time for filing a petition for writ of certiorari expires. *Clay v. United States,* 30 Fed.Appx. 607, 2002 WL 126094 (7th Cir.2002), *cert. granted,* —— U.S. ——, 123 S.Ct. 17, 153 L.Ed.2d 880 (2002) (amending June 28, 2002 order granting certiorari).

cedural default, leaving the issue open to collateral attack *only if* the defendant can show cause and prejudice." *Prou v. United States*, 199 F.3d 37, 47 (1st Cir.1999) (emphasis added). In order for Beagan to obtain collateral relief, therefore, he must show not only "cause" excusing his failure to raise this issue at sentencing and/or direct appeal, but also "actual prejudice" resulting from the unpreserved error. *Id.* The Court need not undertake an analysis of whether Beagan has adequately demonstrated "cause" and "prejudice," because the Court concludes that his underlying claim is devoid of merit in any event.

### 1. The Timeliness of the Government's § 851(a)(1) Filing

The crux of Beagan's argument is that the government failed to provide either him or his defense counsel with timely notice of the sentence enhancement it filed with the Court as required by 21 U.S.C. § 851(a)(1). The government, on the other hand, contends that at least 45 minutes before jury impanelment commenced in Beagan's criminal trial, it had filed with the Clerk's Office the Notice of Sentence Enhancement and an accompanying Certificate of Service, which stated that the government had mailed the Notice to Beagan's defense counsel earlier that morning, and thus, provided Beagan with timely notice of the sentence enhancement. After reviewing the record and the relevant case law, the Court concludes that the government did, in fact, provide defendant with sufficient notice.

21 U.S.C. section 851 sets forth the requirements the government must satisfy in order to establish prior convictions for purposes of sentencing. The statute provides in pertinent part:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by rea-

son of one or more prior convictions, unless before trial, . . . the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). Thus, when the government seeks to increase a defendant's sentence based upon a prior conviction, § 851(a)(1) requires the government not only to file the notice with the court but also to serve a copy of the notice on either the defendant or his or her defense counsel before trial.

■ A majority of courts, including the First Circuit, have interpreted § 851(a)(1)'s "before trial" condition as requiring the government to serve the defendant with notice of the sentence enhancement before the commencement of jury selection. *See, e.g., Prou*, 199 F.3d at 48; (stating it is "well-settled . . . that 'trial,' as that term is used in section 851(a)(1), includes jury selection."); *United States v. White*, 980 F.2d 836, 842 (2d Cir.1992). The purpose of this rule is to provide the defendant with notice of the sentence enhancement before trial in order to " 'allow the defendant ample time to determine whether he should enter a plea or go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential jury verdict.' " *White*, 980 F.2d at 842 (citation omitted). Thus, courts construing § 851 have held that the government's compliance with the section is "a necessary condition to a judge's imposing an enhanced sentence on the basis of a defendant's prior convictions." *United States v. Kennedy*, 133 F.3d 53, 59 (D.C.Cir.1998) (citation omitted). It follows, then, that if the government does not serve the defendant with notice of the enhancement before the commencement of jury impanelment in the defendant's criminal trial, the

trial judge is divested of jurisdiction to impose an enhanced sentence on the basis of the defendant's prior convictions. *See id.* Here, the disputed issue is what is deemed adequate service under § 851(a)(1).

### a. Service in Criminal Cases

Federal Rule of Criminal Procedure 49(b) governs the manner in which service is effectuated in criminal matters. Rule 49(b) states in relevant part:

> Whenever under these rules ... service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party personally is ordered by the court. Service upon the attorney or upon a party shall be made in the manner provided in civil actions.

Fed.R.Crim.P. 49(b). Thus, the express language of Rule 49(b) provides that the Federal Rules of Civil Procedure, specifically Federal Rule of Civil Procedure 5, governs the manner in which service is made in criminal cases.

Federal Rule of Civil Procedure 5(b)(2) provides four methods to effectuate service, including service by mail—the method used by the government in this case. Rule 5(b)(2)(B) states in relevant part that "[s]ervice is made under Rule 5(a) by ... [m]ailing a copy to the last known address of the person served." Fed.R.Civ.P. 5(b)(2)(B). Importantly, Rule 5(b)(2)(B) also states that "[s]ervice by mail is complete on mailing." *Id.*

In this case, the record clearly demonstrates, and the parties do not dispute, that at least 45 minutes before jury impanelment commenced in Beagan's case, the government had filed with the Court a Notice of Sentence Enhancement and a Certificate of Service. The Certificate of Service certifies that the government had mailed a copy of the Notice, postage prepaid, to Beagan's lawyer earlier that morning. The government, therefore, complied with the procedural requirements of § 851(a)(1) because it mailed the Notice of Sentence Enhancement to Beagan's defense counsel before jury impanelment had commenced in Beagan's trial. *See, e.g., United States v. Novaton,* 271 F.3d 968, 1016 (11th Cir.2001)(holding that under Fed.R.Civ.P. 5(b), service of the government's notice of sentence enhancement is complete upon mailing); *Kennedy,* 133 F.3d at 58–59. Beagan's contention that he must have *actually* received the Notice before jury impanelment in order for the service to be timely is clearly erroneous. Section 851(a)(1) merely requires the government to mail the Notice before jury impanelment commences in the criminal case in order to effectuate timely service. Accordingly, the Court concludes that the government timely served the Notice of Sentence Enhancement on Beagan's defense counsel.

### III. CONCLUSION

In summary, the government complied with the terms of § 851(a)(1) by mailing to Beagan's defense counsel the Notice of Sentence Enhancement before jury impanelment began in Beagan's criminal trial. The Court, therefore, will not permit Beagan to amend his § 2255 petition to add this new claim because it is devoid of merit. Accordingly, because Beagan would not prevail in his underlying claim, it would be futile to vacate the judgment previously entered in this case. Therefore, this Court denies Beagan's Motion to Vacate Judgment.

It is so ordered.