United States v. Peterson (Crew)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                    11-5141

Gregory Crew,

> *Claimant - Appellant,*
> > and

Richard Peterson, AKA Robert James,

> *Defendant.*

---

FOR APPELLANT**:**          Gregory Crew, *pro se*, San Francisco, CA.

FOR APPELLEE**:**           Martin S. Bell & Brent S. Wible, *for* Preet Bharara, U.S. Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Chin, United States Circuit Judge, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the final order of forfeiture entered by the district court is **AFFIRMED**.

Claimant-appellant Gregory Crew, proceeding *pro se*, appeals from an order forfeiting property that he claims to have owned as community property with his long-time partner, defendant Richard Peterson. In 2005, Peterson pleaded guilty to one count of wire fraud and one count of engaging in the business of insurance after having been convicted of a felony involving dishonesty or breach of trust. The district court (Chin, then-District Judge[1]) subsequently entered a preliminary forfeiture order, finding *inter alia* that two properties used by Peterson and Crew—one in San Francisco and one in Grand Cayman—were subject to forfeiture. Crew timely asserted a legal interest in the properties. *See* 21 U.S.C. § 853(n). After briefing and an evidentiary hearing, the district court found that Crew had a community property interest in the San Francisco property, entitling him to one half of the remaining value of that property after deducting $156,857.04 for improvements made with the proceeds of Peterson's criminal activity. However, the district court found that Crew had no interest in the Grand Cayman property. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

_____

[1] Judge Chin was elevated to the Court of Appeals on April 26, 2010, and thereafter presided over the present case in the district court by designation.

2

"When a forfeiture award is challenged on appeal, this Court reviews the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Treacy*, 639 F.3d 32, 47 (2d Cir. 2011). Applying the clear error standard, we must accept the district court's factual findings if they are "plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). We may affirm on any basis supported by the record, "including grounds upon which the district court did not rely." *United States v. White*, 980 F.2d 836, 842 (2d Cir. 1992).

Crew begins by asserting that he acquired a community property interest in both properties in March 2005, when he and Peterson registered their domestic partnership. He then argues that the government's interest in the properties did not vest until Peterson was convicted, in July 2005; thus, he concludes, his interest is superior to the government's. The district court focused its analysis on deciding when the government's interest vested. We need not reach that issue, however, because Crew did not acquire any new interest in the San Francisco and Grand Cayman properties when he and Peterson registered their domestic partnership. Under California law, property owned by a person before marriage remains that person's separate property upon marriage; it does not automatically become community property. *See* Cal. Fam. Code § 770(a)(1); *In re Marriage of Jafeman*, 105 Cal. Rptr. 483, 491 (Ct. App. 1972). The same rule applies for domestic partnerships: Any property owned by one partner before registration of the domestic partnership remains that partner's separate property, and does not automatically become community property upon registration. *See* Cal. Fam. Code § 297.5(a) (domestic partners have the same rights as spouses under California law); *see also id.* § 297.5(k)(1) ("[A]ny reference to the date of a marriage shall be deemed to refer to the date of registration of a domestic partnership with the state.").

3

In this case, Peterson acquired both properties before he and Crew registered their domestic partnership.[2] In accordance with the principles described above, the act of registration did not provide Crew with any new community property interest in either property.[3] It therefore does not matter whether the government's interest vested before or after Peterson and Crew registered their partnership; in either case, the registration did not give Crew any new property interest that could prevent forfeiture.

Alternatively, Crew argues that the district court erred by finding that he did not have an implied contractual right to a community property interest in the Grand Cayman property. Under California law, an unmarried couple may expressly or implicitly agree to hold property acquired during their relationship "in accord with the law governing community property." *Marvin v. Marvin*, 557 P.2d 106, 116 (Cal. 1976). The district court found that Peterson and Crew had implicitly agreed to share the San Francisco property as community property, and so Crew was entitled to retain one half of the value of that property (after deducting $156,857.04 in improvements funded by Peterson's criminal proceeds). But the district court also found that Peterson and Crew did not implicitly agree to share the Grand Cayman property. We see no clear error in that factual determination, particularly as Peterson purchased and held the Grand Cayman property through an

_____

[2]Peterson supposedly transferred both properties to Crew in 2002 and 2003; however, the district court found those transfers were "void as fraudulent or constructively fraudulent conveyances." *United States v. Peterson*, 820 F. Supp. 2d 576, 583 (S.D.N.Y. 2011). Crew does not challenge that finding on appeal.

[3] Separate property can, of course, be transmuted into community property by agreement or transfer. Cal. Fam. Code § 850(b). However, such a transmutation must generally be "made in writing by an express declaration." *Id.* § 852(a). Crew does not argue, and the record does not indicate, that any such transmutation occurred here.

4

independent company that he alone funded and managed. Because the district court's factual findings are plausible in light of the record as a whole, *see Anderson*, 470 U.S. at 574, they must be affirmed.

We have considered Crew's remaining arguments and find they lack merit. For the foregoing reasons, the final order of forfeiture entered by the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5