United States v. Peterson (Crew)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand seventeen.

PRESENT:
　　　　　ROBERT A. KATZMANN,
　　　　　　　*Chief Judge,*
　　　　　JOHN M. WALKER, Jr.,
　　　　　GUIDO CALABRESI,
　　　　　　　*Circuit Judges.*

_____

United States of America,

　　　　　　　*Appellee*,

　　　　v.

Gregory Crew,

　　　　　　　*Claimant–Appellant*,

Leon Toppin,

　　　　　　　*Intervenor–Appellant*,

Richard Peterson, AKA Robert James,

　　　　　　　*Defendant*.

_____

16-3860 (L),
16-4196 (Con)

**FOR APPELLANTS:**                    Gregory Crew, pro se, Leon Toppin, pro se, San Francisco, CA.

**FOR APPELLEE:**                      Noah Falk, Michael Ferrara, Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Chin, *J.*, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellants Gregory Crew and Leon Toppin, proceeding pro se, appeal from an order authorizing the government to take control of and sell a San Francisco property. Defendant Richard Peterson pleaded guilty to fraud-related offenses and was ordered to forfeit a townhouse in San Francisco. Crew and Toppin resided in separate units within the townhouse. Crew filed a petition pursuant to 21 U.S.C. § 853(n) asserting an interest in the property. Toppin did not. The district court determined that Crew had an interest in the property worth half of the equity after a deduction for fraudulent proceeds Peterson had used for renovations. This Court affirmed the final order of forfeiture. *United States v. Crew*, 537 F. App'x 3 (2d Cir. 2013) (summary order). The government then moved for an order authorizing it to take control of and sell the property. Crew opposed and Toppin sought to intervene to oppose. The district court granted the government's motion, and this appeal followed. Both Crew and Toppin assert due process challenges to the ancillary forfeiture proceeding. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Crew argues that he was never properly served with any filings related to forfeiture, and therefore the final order of forfeiture and order of sale are void. The

law-of-the-case doctrine bars Crew from asserting this argument because he could have raised it in his prior appeal of the forfeiture order, but failed to do so. *See United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007) ("[T]he law of the case doctrine forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings."). And it is undisputed that he received actual notice of the motion for an order of sale, which he opposed. Consequently, his due process challenge fails.

Toppin similarly argues that he was never given notice of the preliminary order of forfeiture, and the ancillary forfeiture proceeding is therefore void. However, it is undisputed that the government published notice of the preliminary order of forfeiture one day a week for three straight weeks in a California newspaper. *See* Fed. R. Crim. P. 32.2(b)(6); Supp. R. G(4)(a)(iii), (iv)(A). Although Toppin argues that he had an agreement with Peterson granting him lifetime exclusive occupancy of the first floor apartment of the property and a lifetime option to purchase the entire property, Toppin did not record the agreement until May 2016, and therefore the government's title search would not have revealed that he had any potential interest in the property. *See* Fed. R. Crim. P. 32.2(b)(6)(A) (requiring written notice only to "any person who reasonably appears to be a potential claimant with standing to contest the forfeiture"). But regardless of the above, and in itself determinative, Toppin does not dispute that his counsel actually received the preliminary order of forfeiture in connection with another property subject to forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6)(D); Supp. R. G(4)(b)(iii)(B). Toppin failed to file a petition asserting a legal interest in the property within 30 days "of the final publication of notice or his receipt of notice," or in fact ever, and he was therefore barred from intervening to challenge the forfeiture or order of sale. 21 U.S.C. § 853(k), (n); *see DSI Assocs. LLC v. United States*, 496

3

F.3d 175, 183 (2d Cir. 2007) ("It is . . . well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been entered."). Consequently, his due process challenge fails as well.

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4